# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN ROSKY,

    Petitioner,

vs.

WARDEN NEVEN,

    Respondent.

Case No. 2:13-cv-01707-JCM-PAL

**ORDER**

    Before the court are a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (#1), an application to proceed in forma pauperis (#2), a motion to withdraw the application (#3), and a motion for leave to expand the record (#6). The court grants petitioner's motion to withdraw the application (#3) because petitioner has paid the filing fee, and the application to proceed in forma pauperis (#2) is moot. The court grants petitioner's motion to expand the record (#6). The court has reviewed the petition pursuant to 28 U.S.C. § 2243. Petitioner will need to file an amended petition pursuant to 28 U.S.C. § 2254. He also will need to show cause why the court should not dismiss this action because he has not exhausted his state-court remedies.

    After a jury trial in state district court, petitioner was convicted of one count of sexual assault and one count of indecent exposure. The judgment of conviction was entered on May 20, 2003. Petitioner appealed. On May 26, 2005, the Nevada Supreme Court reversed the judgment of conviction for sexual assault and remanded for a new trial on that charge; it affirmed the judgment of conviction for indecent exposure. The Nevada Supreme Court determined that the admission of prior-bad-act evidence was erroneous and that the error was not harmless. Rosky v. State, 111 P.3d

690 (Nev. 2005). On retrial, petitioner was found guilty of sexual assault. The state district court entered its judgment of conviction on remand on May 18, 2006. Petitioner appealed. The Nevada Supreme Court affirmed the judgment of conviction, denied rehearing, and denied en banc reconsideration; the final order was entered on July 7, 2008. Rosky v. State, No. 47407.[1] Petitioner filed a post-conviction habeas corpus petition in the state district court on April 11, 2008. That petition was denied. Petitioner appealed, and the Nevada Supreme Court affirmed on June 12, 2013. Rosky v. State, No. 60145.[2] Petitioner then commenced this action.

Petitioner raises one ground for relief in the petition (#1). He claims that the Nevada Supreme Court's reversal of the judgment of conviction for sexual assault operated as an acquittal, and that the retrial violated the Double Jeopardy Clause of the Fifth Amendment.

Petitioner's commencement of this action pursuant to 28 U.S.C. § 2241 is incorrect. He relies upon the principle that a person facing retrial may file a pretrial federal habeas corpus petition pursuant to § 2241. See Stow v. Murashige, 389 F.3d 880 (9th Cir. 2004). He then argues erroneously that he may file a § 2241 petition raising a double-jeopardy claim even after he is retried and convicted. Petitioner's double-jeopardy claim is not extinguished by the retrial, but at the time he commenced this action he was in custody pursuant to a state-court judgment of conviction. No court has held that he may file a § 2241 petition in such circumstances. Consequently, 28 U.S.C. § 2254 governs his case. The court will send petitioner a § 2254 petition form. Petitioner will need to file an amended petition pursuant to § 2254.

Petitioner states in the petition that this court is the first court to which he has presented the ground. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b).[3] To exhaust a ground for

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=15262 (report generated May 29, 2014).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=28309 (report generated May 29, 2014).

[3] Even if this action were to proceed under § 2241, petitioner still would need to exhaust his available state-court remedies before turning to federal court. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-93 (1973).

-2-

relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). Because petitioner has not presented the double-jeopardy ground to the state courts, petitioner will need to show cause why the court should not dismiss the action.

IT IS THEREFORE ORDERED that petitioner's motion to withdraw application to proceed in forma pauperis (#3) is **GRANTED**. The court shall take no action on the application to proceed in forma pauperis (#2).

IT IS FURTHER ORDERED that petitioner's motion for leave to expand the record (#6) is **GRANTED**.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 2:13-cv-01707-JCM-PAL, above the word "AMENDED."

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as unexhausted. Failure to comply with this order will result in the dismissal of this action.

DATED:   May 30, 2014.

_____
JAMES C. MAHAN
United States District Judge